# GOOD LAW GROUP LLC

JOSEPH C. GOOD III

SUMMER D. EUDY
*Licensed to Practice in North & South Carolina*

JOSEPH C. GOOD JR.
*Of Counsel*

September 30, 2015

<u>Via Fax: 877-971-6093</u>
AT&T Subpoena Center
208 S. Akard St.
10th Floor
Dallas, Tx 75202

   RE: Ashley Poe v. America's Pizza Company, LLC
     C/A No. No.: 3:14-CV-00119-MOC-DCK

Dear Subpoena Center / Records Custodian:

Enclosed for service on you, please find a subpoena for records in the above referenced matter. Please respond accordingly, including completing the enclosed records custodian affidavit. If there is a fee associated with this request, please advise and we will pay the same promptly.

Please let me know if you have questions or concerns.

With kind regards,

Sincerely Yours,

Summer D. Eudy, Esq.
Summer@GoodLawGroupLLC.com

Enclosures

cc: Joel P. Babineaux, Esq.
   Karen T. Bordelon, Esq.
   Brandon Mills

GOOD LAW GROUP LLC | ATTORNEYS & COUNSELORS AT LAW
122 COLEMAN BOULEVARD | MOUNT PLEASANT, SOUTH CAROLINA 29464
TEL 843.277.8373 | GOODLAWGROUPCAROLINA.COM | 800.714.8090 FAX

EXHIBIT A

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| Ashley Poe, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:14-CV-00119-MOC-DCK |
| America's Pizza Company, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T Mobile - Subpoena Center
208 S. Akard St. 10th Floor, Dallas, TX 75202 / Fax: 877-971-6093

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All available Phone Records for Num, belonging to Brandon Mills, including phone and text message logs, with date, time, and destination or incoming call information, for January 1, 2013 - April 30, 2013.

| Place: Good Law Group LLC<br>122 Coleman Blvd. Mt. Pleasant, SC 29464 | Date and Time:<br>Oct. 15, 2015 at 10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/30/2015

*CLERK OF COURT*

OR

_____ _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ashley Poe
_____, who issues or requests this subpoena, are:
Summer D. Eudy, Esq. - 122 Coleman Blvd., Mt. Pleasant, SC 29464, 843-277-8373, summer@goodlawgroupllc.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:14-CV-00119-MOC-DCK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

STATE OF _____ )
                                )
COUNTY OF _____ )

_____, being first duly sworn, deposes and says that I am

a custodian of records for the AT&T and the attached

records are:

1.  A true and accurate copy of the phone records for Brandon Mills – Telephone Number 614-332-7478.

2.  These records were made and kept in the regular course of business at or near the time of the acts, conditions, or events recorded, and

3.  They were made by persons having knowledge of the information set forth in those records.

_____
AFFIANT

_____
(Print Name)

Subscribed and sworn to before me

this _____ day of _____, 2015.

_____
Notary Public for South Carolina
My Commission Expires:_____

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing subpoena was served on each party or counsel of record by ☐ electronic filing, ☒ mailing, ☒ e-mailing, ☐ facsimile, or ☐ hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

Attorneys for America's Pizza Company, LLC:

Joel P. Babineaux, Esq.
Karen T. Bordelon, Esq.
Babineaux, Poche, Anthony & Slavich, L.L.C.
Lafayette, LA 70505
jbabineaux@bpasfirm.com
kbordelon@bpasfirm.com

Brandon Mills
1203 Overwood Drive
Matthews, NC 28105

This 30th day of September 2015.

s/ Summer D. Eudy

# BABINEAUX, POCHÉ, ANTHONY & SLAVICH, L.L.C. ATTORNEYS & COUNSELORS

1201 CAMELLIA BOULEVARD
THIRD FLOOR
LAFAYETTE, LA 70508

P.O. BOX 52169
LAFAYETTE, LA 70505-2169
337.984.2505 PH
337.984.2503 FX

JOEL P. BABINEAUX
JBABINEAUX@BPASFIRM.COM
337.984.7266 DIRECT LINE

WWW.BPASFIRM.COM

CLIENT NO.: 1365-3257

October 2, 2015

**Via Federal Express and Fax: 877-971-6093**

AT&T Subpoena Center
208 S. Akard St.
10th Floor
Dallas, TX 75202

      Re:    Ashley Poe v. America's Pizza Company, L.L.C. and Pizza Hut, Inc.
             USDC, Western District of North Carolina
             Civil Action No. 3:14-CV-00119-MOC-DCK

Dear Records Custodian:

      I am writing to advise you that I am counsel of record for America's Pizza Company, L.L.C. ("APC") in the above-referenced matter. Counsel for Ms. Ashley Poe, Ms. Summer Eudy, recently faxed to you correspondence dated September 30, 2015. Included with the correspondence is a purported Subpoena in the above-referenced case.

      Please be advised that APC objects to the issuance of the Subpoena and the production of any documents pursuant to the Subpoena on the following non-exclusive grounds:

      1.    The Subpoena was issued in violation of the Court's Pretrial Order. In this regard, the Subpoena was not timely issued in accordance with the Court's discovery deadline.

      2.    Purported service of the Subpoena is defective. In this regard, the Federal Rules of Civil Procedure do not permit a Subpoena to be served via facsimile transmission. As a result, APC asserts that the Subpoena has not been properly served and, therefore, is ineffective and unenforceable.

      3.    The Subpoena seeks records from an individual who is not a party to the above-captioned lawsuit. Plaintiff has not submitted a consent or authorization for Mr. Brandon Mills, the individual whose records Ms. Poe seeks to obtain. Additionally, Plaintiff has failed to


EXHIBIT B

comply with applicable rules and regulations for obtaining the third party's phone records.

4. The Subpoena is defective in that an unsigned Affidavit has been submitted in support of issuance of the Subpoena. As a result, the Subpoena is defective on its face and fails to comply with applicable rules.

5. The Subpoena fails to give proper advance notice for document production or otherwise using a reasonable period of time for response and for any party to seek leave.

**Based on the foregoing non-exclusive reasons, APC hereby objects to the Subpoena and objects to any document production in response to the Subpoena by AT&T. APC hereby reserves the right to seek any and all available relief, a Court Order and/or applicable sanctions or other remedies against Ms. Ashley Poe or AT&T.**

I request that you respond to this letter in writing, advising as to whether or not you intend to respond to the Subpoena despite formal notice of APC's objects lodged herein.

BABINEAUX, POCHÉ, ANTHONY
& SLAVICH, L.L.C.

BY: _____
JOEL P. BABINEAUX
*Counsel for America's Pizza Company, L.L.C.*

JPB/ahg
cc: Summer D. Eudy (Via E-mail)
Charles E. Johnson (Via E-mail)

# Karen Bordelon

| | |
|---|---|
| **From:** | Summer Eudy <summer@goodlawgroupllc.com> |
| **Sent:** | Wednesday, September 30, 2015 10:47 PM |
| **To:** | Kerri Heim |
| **Cc:** | Joel P. Babineaux; Karen Bordelon; cejohnson@rbh.com; summer@goodlawgroupllc.com |
| **Subject:** | Ashley Poe v. America's Pizza Company, LLC / C/A No. No.: 3:14-CV-00119-MOC-DCK |
| **Attachments:** | 2015-09-30 OUT-Babineaux (Discv Req & Subpoenas).pdf |

Please see attached. Thanks.

**Summer D. Eudy, Esq.**
**Partner**
**GOOD LAW GROUP LLC**
**122 Coleman Blvd.**
**Mt. Pleasant, SC 29464**
Tel: 843-277-8373 (ext. 301)
Cel: 843-530-1351
Fax: 800-714-8090
summer@goodlawgroupllc.com
Licensed in SC & NC
www.goodlawgroupllc.com

This communication may be protected by attorney-client privilege or otherwise confidential. If you are not the intended recipient, please delete this message and immediately notify the sender of this error. Thank you.

---

**From:** Kerri Heim [mailto:KHeim@bpasfirm.com]
**Sent:** Tuesday, September 29, 2015 4:10 PM
**To:** 'summer@goodlawcarolina.com'
**Cc:** Joel P. Babineaux; Karen Bordelon; cejohnson@rbh.com
**Subject:** Ashley Poe/America's Pizza

Karen Bordelon asked that I forward to you the attached in the above-referenced matter.

Kerri Heim
*Legal Assistant*
Babineaux, Poche', Anthony & Slavich, L.L.C.
1201 Camellia Blvd., Suite 300 (70508)
Post Office Box 52169
Lafayette, LA 70505-2169
kheim@bpasfirm.com
Direct: 337-354-1784
Main: 337-984-2505
Fax: 337-984-2503

---

This E-mail transmission (and/or the documents accompanying it) is intended only for the use of the individual(s) or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, copying or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-mail in error, please notify us immediately, and delete the E-mail and the accompanying documents, if any, without saving. Thank you.

EXHIBIT

1

```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
 2                  NO. 3:14-CV-00119-MOC-DCK
 3    ASHLEY POE,
 4           Plaintiff,
 5      -vs-
 6    AMERICA'S PIZZA COMPANY, LLC
      and PIZZA HUT, INC.,
 7
             Defendants.
 8    - - - - - - - - - - - - - - -
 9
10
11
12
13                       DEPOSITION
14                           OF
15                       BRANDON MILLS
16
17                   September 11, 2015
18                  Charlotte, North Carolina
19
20
21
22                   MICHELLE S. THOMPSON
             Certified Verbatim Reporter-Master
23           THOMPSON & MILLS COURT REPORTERS
                     6728 Wheeler Drive
24            Charlotte, North Carolina 28211
                       704.564.5249
25
```



```
 1                    BRANDON MILLS
 2
 3                   A P P E A R I N G
 4
 5  FOR PLAINTIFF
 6  Ms. Summer D. Eudy
 7  GOOD LAW GROUP, LLC
 8  122 Coleman Boulevard
 9  Mt. Pleasant, SC 29464
10
11  FOR DEFENDANTS
12  Ms. Karen T. Bordelon
13  BABINEAUX, POCHE, ANTHONY & SLAVICH, L.L.C.
14  1201 Camellia Boulevard
15  Third Floor
16  Lafayette, LA 70508
17
18  INDEX
19  EXAMINATION BY MS. BORDELON                    4
20  EXAMINATION BY MS. EUDY                       59
21
22
23
24
25         THOMPSON & MILLS COURT REPORTERS
```

```
 1              medical condition?
 2      A.      Other than schedule changes, I don't believe so.
 3      Q.      if she requested a schedule change, was that
 4              complied with?
 5      A.      Yeah.  More often than not I would allow her to
 6              make whatever changes she needed to as long as she
 7              was able to find coverage and do all of those
 8              things.
 9      Q.      Thank you, Mr. Mills.  I don't have any more
10              questions for you.
11      A.      Okay.
12
13      BY MS. EUDY
14      Q.      Mr. Mills, my name is Summer Eudy.  As you know, we
15              met just briefly before the deposition and I
16              represent Ashley Poe.  As I explained, there was a
17              scheduling issue or what I called a scheduling
18              issue, and so what we've agreed to do is basically
19              keep your deposition open or, in other words, re-
20              notice it if I need to ask you questions later on.
21      A.      Okay.
22      Q.      For that purpose, can you give me your phone
23              number?
24      A.      614-[REDACTED]
25      Q.      614-[REDACTED]
```

```
1    A.   Correct.
2    Q.   And you said you're working at Dunkin' Donuts now?
3    A.   Correct.
4    Q.   What's your position there?
5    A.   I'm an operations multi-unit manager. District
6         manager. Same -- same job.
7    Q.   How long have you been there?
8    A.   Four months, three months.
9    Q.   What's your typical schedule?
10   A.   It's six days a week. It's an open schedule, so I
11        don't have a typical schedule. It's six days a
12        week, typically ranging from 7:30 in the morning --
13        well, I should say 6:30 in the morning until 4:00
14        or 5:00 in the afternoon.
15   Q.   And those are pretty long hours. If we had to
16        reschedule and come back and sit through your
17        deposition again, is there any particular day or
18        time that would be better for you?
19   A.   Not the weekend, you know, not Thursday through
20        Sunday, so Monday, Tuesday, Wednesday would be
21        best.
22   Q.   Thank you. How long have you had this cell phone
23        number, the REDACTED
24   A.   Oh, gosh. Years and years.
25   Q.   Did you have it in 2012 and 2013?
```

A. Yes.
Q. Who's the carrier?
A. AT&T, I believe, would have been the carrier -- it's transferred carrier through the years, but I believe at that time it would have been AT&T.
Q. Who's the carrier now?
A. AT&T.
Q. And you believe it was AT&T in 2012 and 2013?
A. Yes.
Q. Is that something you pay personally?
A. Yes. I paid the bill personally. Yes.
Q. So at the time you were at APC it was never on a corporate account or anything like that?
A. No.
Q. Do you have an office address for Dunkin' Donuts?
A. No. I office out of my home.
Q. And you gave us that address earlier, correct?
A. Yes.
Q. I'm going to hand you back -- and I can't remember the number for -- your deposition exhibit number, but it's the record of progressive counseling dated 3/19/13.
A. Okay.
Q. There's a signature. One is Ashley Poe's, but there's another signature. Is that your signature