# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-119-MOC-DCK

| | |
|---|---|
| ASHLEY POE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| AMERICA'S PIZZA COMPANY, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "…Motion To Quash Plaintiff's Subpoena To AT&T" (Document No. 15); "…Motion To Quash Plaintiff's Subpoena To T-Mobile" (Document No. 16); and "…Motion To Quash Plaintiff's Subpoena To The EEOC" (Document No. 17) These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> the motions, without prejudice.

## BACKGROUND

Plaintiff Ashley Poe ("Plaintiff" or "Poe") initiated this action with the filing of a "Complaint" (Document No. 1) on March 19, 2014. The Complaint asserts causes of action against Defendants America's Pizza Company, L.L.C. ("APC" or "Defendant") and Pizza Hut, Inc. for: (1) FMLA Interference & Retaliation; (2) Pregnancy/Gender Discrimination; (3) Workplace Harassment and Hostile Work Environment; and (4) Discrimination and Retaliation on the Basis of Disability. (Document No. 1). "Defendant America's Pizza Company, L.L.C.'s Answer" (Document No. 2) was filed on May 22, 2014. On May 28, 2014, the parties filed a "Stipulation

Of Dismissal" (Document No. 9) pursuant to Fed.R.Civ.P. 41(a) regarding Defendant Pizza Hut, Inc.

The parties finally filed a "Joint Certificate And Report Of FRCP 26 Conference And Discovery Plan" (Document No. 10) on February 11, 2015. On February 18, 2015, a "Pretrial Order And Case Management Plan" (Document No. 11) was entered by the Court. The "…Case Management Plan," *inter alia*, set the following deadlines: discovery completion - September 30, 2015; mediation – October 30, 2015; and dispositive motions – November 30, 2015. (Document No. 11). The "…Case Management Plan" also specifically states that:

> Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.

(Document No. 11, p.3).

Defendant APC filed three pending motions to quash subpoenas issued by Plaintiff on October 6, 2015. (Document Nos. 15, 16, and 17). Plaintiff has failed to file a response to any of the pending motions, and the time to do so has lapsed. See Local Rule 7.1(E).

This matter is now ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

## DISCUSSION

By the instant motion, Defendant seeks to quash subpoenas purportedly issued to AT&T Mobile, T-Mobile, and Reuben Daniels, Jr., the District Director of the EEOC Charlotte District Office.  (Document Nos. 15, 16, and 17).  The subpoenas were all apparently served via facsimile on September 30, 2015, and required production in Mt. Pleasant, South Carolina at 10:00 a.m. on October 15, 2015.  Id.

The subpoenas all appear to be subject to at least three basic arguments asserted by Defendant in support of its motions:  (1) that they violate the Court's "…Case Management Order" since they seek discovery beyond the discovery completion deadline;  (2) service of the subpoenas by facsimile is defective;  and (3) the subpoenas fail to give proper notice or allow a reasonable period of time for response.  Id.

Defendant effectively cites another decision by this Court where a subpoena issued in violation of a case management order was quashed as untimely.  (Document Nos. 15-2, 16-2, and 17-2) (citing Karagiannopoulos v. City of Lowell, 3:05-CV-401-FDW-DCK, 2008 WL 948261 (W.D.N.C. April 2, 2008).  In that case, the Court "addressed the issue of service of a subpoena outside the discovery time period" as follows:

> After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery. *See, e.g.*, Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D.Ind. 2001) (noting that **"[m]ost courts hold that a subpoena seeking**

3

> **documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"**) (citing Sergent, 34 MD. B.J. at 58); Integra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal. 1999) (observing that **"[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case"**); Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443-44 (D.Minn. 1997) (holding that subpoenas duces tecum meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore "subject to the same time constraints that apply to all of the other methods of formal discovery"); Rice, 164 F.R.D. at 557 ("Rule 45 subpoenas duces tecum ... constitute discovery."); 7 Moore's Federal Practice § 34.03[2][a] (stating that, **"[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders"**).

Karagiannopoulos, 2008 WL 948261, at *2 (quoting Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. May 15, 2002)).

In short, the undersigned finds Defendant's arguments persuasive. Moreover, Plaintiff's failure to file any sort of response is less than helpful to the Court.

Despite what appear to be serious defects in Plaintiff's attempt to subpoena certain information from non-parties, however, it does not appear that the instant motions are properly before this Court. The undersigned observes that Rule 45 provides that "the court for the district **where compliance is required** must quash or modify a subpoena" that fails to meet certain requirements. Fed.R.Civ.P. 45(d)(3)(A) (emphasis added). Here, Plaintiff's subpoenas command compliance in Mt. Pleasant, South Carolina, not the Western District of North Carolina.[1] See (Document No. 15-1, p.2; Document No. 16-1, p.2; Document No. 17-1, p.2).

---

[1] Plaintiff's demand for production in Mt. Pleasant, South Carolina might expose an additional defect in the subpoenas pursuant to Fed.R.Civ.P. 45(c).

Based on the foregoing, the undersigned will deny the pending motions to quash, without prejudice to Defendant re-filing in the District of South Carolina. In the interests of justice and judicial economy, however, the undersigned respectfully and strongly encourages the parties to resolve this issue without further Court intervention. The parties' resolution should include an agreement as to appropriate costs and expenses, if any, to award Defendant in connection with the motions to quash.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "…Motion To Quash Plaintiff's Subpoena To AT&T" (Document No. 15) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's "…Motion To Quash Plaintiff's Subpoena To T-Mobile" (Document No. 16) **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's "…Motion To Quash Plaintiff's Subpoena To The EEOC" (Document No. 17) **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: October 26, 2015

David C. Keesler
United States Magistrate Judge